UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GERARD DRAETTA, and all
others similarly situated pursuant to
29 U.S.C. §216(b),

        Plaintiff,

vs.

DYCOM INDUSTRIES, INC., a Florida
corporation,

        Defendant,
_____/

## COMPLAINT

Plaintiff, GERARD DRAETTA ("Plaintiff"), on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. §216(b), files the following Complaint against Defendant, DYCOM INDUSTRIES ("Dycom" or "Defendant"), and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§201-216 (the "FLSA").

2. At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. At all times material hereto, Defendant, DYCOM INDUSTRIES, INC. was and is a Florida corporation located within Palm Beach County, Florida, and transacting business within Palm Beach County, Florida, which is located within this District.

4. At all times material hereto, DYCOM was the FLSA employer during Plaintiffs relevant period of employment.

5. Defendants regularly employed two or more employees during the relevant time period who handled goods or materials similar to those handled by Plaintiff or used the instrumentalities

of interstate commerce or the mails, thus making Defendants' business an enterprise covered by the FLSA.

6. Upon information and belief, the Defendants' corporation grossed or did business in excess of $500,000.00 annually during the relevant time period.

7. Plaintiff was employed by Defendant from May 12, 2014 through and including April 3, 2020. Plaintiff's job title was Credit Collection Manager; however, Plaintiff was not in charge of any other employees, did not participate in the hiring or firing of anyone, did not set any employee salaries, and was not otherwise responsible for any managerial tasks, and was not a manager as that term is legally defined. For example, twice a year, all managers of the company gathered to discuss issues relating to company management; Plaintiff was never included in any of those meetings.

8. Plaintiff's annual rate of pay works out to be 45.28 hourly ($67.92 overtime rate) from February 2020 through April 2020, $44.23 hourly ($66.34 overtime rate) from February 2019 through February 2020, $42.90 hourly ($64.35 overtime rate) from February 2018 through February 2019, and $41.61 hourly ($61.92 overtime rate) from April 2017 through February 2018.

9. Plaintiff's work hours were 8-5, Monday through Friday, with one hour for lunch. Throughout his employment, Plaintiff worked from 8-6 on Monday through Thursday; to be conservative and estimate on the low side, Plaintiff worked a minimum of 3 hours of overtime per week. Plaintiff was not compensated for any of his overtime.

10. Funds owed to Plaintiff are as follows:

| Time Period | Overtime Worked | Overtime Rate | Amount Owed |
| --- | --- | --- | --- |

| April 2017 - Feb. 2018 | 129 hours (43 weeks x 3 hours per week) | $61.92 | $7,987.68 |
| --- | --- | --- | --- |
| Feb. 2018 – Feb. 2019 | 156 (52 weeks x 3 hours per week) | $64.34 | $10,037.04 |
| Feb. 2019 – Feb. 2020 | 156 (52 weeks x 3 hours per week) | $66.34 | $10,349.04 |
| Feb. 2020 – April 2020 | 24 (8 weeks x 3 hours per week) | $67.92 | $1,630.08 |

Total unliquidated:                                                                                      $30,003.84

Total liquidated:                                                                                         $30,003.84

Total owed:                                                                                                    $60,007.68

11. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida.

12. Jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§1331 and 1337.

13. Venue is proper within this District pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391(b).

## COUNT I:
## FEDERAL OVERTIME WAGE LAW VIOLATIONS

14. Plaintiff re-avers and re-alleges Paragraphs 1 through 13 above, as though fully set forth herein.

15. This case is brought as a collective action pursuant to 29 U.S.C. §216(b) inasmuch as, upon information and belief, Defendant has employed numerous other employees, similarly situated to the Plaintiff, who have not been paid overtime for work performed in excess of

    40 hours during the time period commencing three years prior to the filing of this Complaint through the date on which this Complaint was filed.

16. 29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

17. Defendant's failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiff is entitled, and specifically requests, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing, in the amount of $60,007.68.

18. Plaintiff further requests all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable under the circumstances.

    WHEREFORE, Plaintiff, GERARD DRAETTA, respectfully requests certification of a collective action of all current and former employees of Defendant, DYCOM INDUSTRIES, INC., and an award to Plaintiff and the collective double all unpaid overtime wages as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

DATED this 3rd day of ~~May~~ June 2020.

                         Respectfully Submitted,

                         **Law Offices of Nolan Klein, P.A.**
                         *Attorneys for Plaintiff*
                         5550 Glades Rd., Ste 500
                         Boca Raton, Florida 33431
                         PH:   (954) 745-0588

                         By: */s/ Nolan K. Klein*
                              NOLAN K. KLEIN
                              Florida Bar No. 647977
                              klein@nklegal.com
                              amy@nklegal.com

## VERIFICATION

I hereby swear or affirm that the allegations set forth above are true and correct to the best of my knowledge, information, and belief.

                                                        _____
                                                        GERARD DRAETTA